IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| K.G. SMITH, § | |
| PLAINTIFF, § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. 4:16-cv-03144 |
| CITY OF HOUSTON, CIMM'S § | JURY DEMANDED |
| INCORPORATED, BURGER KING, § | |
| JOHN EDWARD OBENHUAS, AND § | |
| JOSHUA MABASA, § | |
| INDIVIDUALLY. | |
| DEFENDANTS. | |

## PLAINTIFF'S FIRST AMENDED PETITION

Plaintiff, K.G. Smith, files this first amended petition, against defendants, City of Houston, Burger King Inc., Cimm's Inc., John Edward Obenhaus, and Joshua C. Mabasa, in their individual capacity and alleges as follows:

Parties

1. Plaintiff, K.G. Smith, P.O. Box 27353, Houston TX 77227

2. Defendant, City of Houston, 900 Bagby St. TX 77002, Agent Mayor of Houston Sylvester Turner, through City of Houston Secretary.

3. Defendant, John Edward Obenhaus, 17418 Cascading Springs Ln., Humble, TX 77346.

4. Defendant, Cimm's Incorporated, Cimmarusti, Lawrence P, 620 N Brand Blvd Fl 6 Glendale, CA 91203

5. Defendant, Burger King, 1002 Westheimer Rd., Houston, TX 77006; Registered Agent, Cimmarusti, Lawrence P, 620 N Brand Blvd Fl 6 #600 Glendale, CA 91203, and Bertrand, Jay 2121 Tennessee Bldg, Houston, TX

6. Defendant, Joseph C. Mabasa 8539 Furray Rd, Houston, TX 77028

Jurisdiction

5.      This court has jurisdiction over this action based on the amount in controversy, being more than ten thousand dollars, and the nature of the claim, civil rights violations, wrongful prosecution, and personal injury.

Facts

6.      On December 16, 2015, Kristie Smith was standing on a public sidewalk located at 1002 Westheimer Rd., using his cellphone, when Houston Police Department Officers John Edward Obenhaus, while working an extra job, but using a Houston Police Department vehicle approached the plaintiff and accused him of trespassing. The public sidewalk the Plaintiff standing on was located near a Burger King restaurant, but separated by a barrier wall. The plaintiff was leaning on the separation barrier that was approximately 3 feet high, that separated the public sidewalk and the Burger King parking lot.

7.      The officers decided to arrest the plaintiff for criminal trespass, despite the plaintiff explaining that was not the case and the Plaintiff was at all times on a public sidewalk, and that he was never asked to leave. Officer Obenhaus explained there was a complaint from Burger King by Tiffany Marcie Ross, however, Tiffany Ross did not work at Burger King at the time of Plaintiff's arrest.

8.      The officers also arrested another individual at the same time, Harvey Prete, who appeared to be homeless, and seemed to be actually in the Burger King restaurant side of the separation barrier wall, in the Burger King restaurant parking lot.

9.      The Plaintiff, and Harvey Prete were both arrested for trespassing and were placed in the same HPD police vehicle.  As the Harvey Prete was dropped of downtown, the officers learned the Plaintiff was a transgender male, and needed to be transported to the appropriate facility.

10.      The officers, Obenhaus and Mabassa, began to taunt, mock, and insult the Plaintiff for not being a "real man," and threatened to take the Plaintiff to the men's jail, although the Plaintiff disclosed that he was transitioning, but had not fully transitioned.

11. They further refused to seat belt the plaintiff in the vehicle. Along with the insults, the officer driving made deliberate efforts to injure the plaintiff, by unnecessarily slam on the vehicle's brakes to cause the unbelted Plaintiff to be thrown about the vehicle, namely forward causing the plaintiff's face to collide into the metal and plexiglass separating the front of the vehicle cab with the back of the cab.

12. The Plaintiff suffered a bruised nose, bruised and swollen right wrist, bruised left wrist, bruised and swollen left bicep. Kristie Smith was treated at the Municipal jail for the swelling with ibuprofen, defendants.

13. While Smith, a transgender male, was in custody of the City of Houston, he was stripped of his shirt, exposing his chest area and the scars from the mastectomy, Chest Reconstruction Surgery, and placed in the segregated area of women's detention area, but in the sight of the female inmates who looked on in horror, screaming, and making Smith uncomfortable and anxious. There was no reason document for taking Smith's clothing, and exposing his body and scars.

14. The bail was set at $2000, which was promptly posted; however, he was not released from jail until approximately 9:00am the next day.

15. The Plaintiff had to waste time going to court to appearances on four occasions after plaintiff's release. The plaintiff had to reschedule or cancel jobs in order to appear at the criminal court setting.

16. The Plaintiff was embarrassed, humiliated, and forced to explain his disappearance and injuries due to the unlawful arrest to clients, colleagues, and employees, family, and friends.

## Count 1 – Violation of 42 USC Sec. 1983

17. Plaintiff incorporates the facts above by reference, Plaintiff's constitutional right, under the Fourth amendment, Eighth amendment, and Fourteenth amendment to be from illegal search and seizure, and cruel and unusual punishment after Smith was wrongfully arrested and incarcerated, for one day, and the excessive force used by causing Smith to be tossed about the vehicle was violated by Defendants, The City of Houston, Obenhaus, and Mabassa.

Count 2- Wrongful Prosecution

18. Plaintiff incorporates the facts above by reference, in alternative to the constitutional claims, Plaintiff was prosecuted for the HPD catch all offense of Criminal Trespass, the Harris County District Attorney's office commenced against the plaintiff, without as much as reasonable suspension.

19. The trespass offense is used by the City of Houston's Police Department to charge individuals with an arrestable offense, when the there is no clear evidence that a crime has been committed and objective is to detain someone. It is one of the catch-all offenses like, loitering, and resisting arrest that is difficult to refute. HPD has an unwritten policy to train its officers to use offenses like the trespassing to charge and detain a person that they would have no other probable cause to detain otherwise.

20. The Houston Police Department off duty officers claim to have been working for Burger King restaurant, and it was Burger King's Manager, Tiffany Marcie Ross, that initiated the prosecution, but that was a false police report.

21. Tiffany Marcie Ross did not work for Burger King at the time of the arrest, there was no probable cause for the plaintiff's arrest for trespassing, and was completely innocent of the criminal trespass charges.

22. Neither officer, Obenhaus nor Mabassa, claimed to have witnessed the alleged trespass by the Plaintiff, and the only evidence of the trespass was the report by the Manager, Tiffany Marcie Ross.

23. After several criminal settings the prosecution was terminated, with a dismissal, in the plaintiff's favor, since the only witness, Tiffany Marcie Ross, who did not work as the Manager of the Burger King at the time, was unavailable.

24. Obenhaus, and Mabassa fabricated the report and affidavit, as a result of this abuse of authority, exhibited by the HPD officers, the Kristen Smith was made to post a bond, lose time from work, and suffer injury to plaintiff's reputation.

Count 3-False Imprisonment

25. Plaintiff incorporates the facts above by reference, in alternative to the constitutional claims, Plaintiff brings claims against, Burger King, Cimm's Incorporated, John Edward Obenhuas, and Joshua Mabasa in their individual capacities for willfully placing the plaintiff in handcuff, and in the back of HPD police vehicle, and detention center.

26. The arrest and detention was without justification, since the plaintiff had not committed a crime, and neither John Edward Obenhuas, nor Joshua Mabasa had reasonable suspicion to believe Smith had committed any crime. However, based on the information obtained from Burger King Restaurant, John Edward Obenhuas, and Joshua Mabasa acted at the direction of Cimm's Incorporated, and Burger King Restaurant's employee Tiffany Ross, and the plaintiff was detained.

## Damages

27. City of Houston, Obenhaus, and Mabasa constitutional violations; John Edward Obenhuas, and Joshua Mabasa, Cimm's Incorporated, and Burger King Restaurant wrongful prosecution, and false imprisonment caused injury to plaintiff, which resulted in the following damages:

a. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

b. <u>Exemplary damages.</u> Plaintiff's injury resulted from defendant, Burger King's malice, and intentional infliction of emotional distress, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

c. Costs of suit;

d. Reasonable attorney fees as otherwise authorized by statute or law including 42 US.C. § 1988;

e. Pre-and-post judgment interest as permitted by law; and,

f. Such other relief, including injunctive and/or declaratory relief, as the court may deem proper.

## Jury Demand

28. Plaintiff demands a jury trial

Objection to Magistrate Judge

29. Plaintiff objects to a Magistrate judge hearing a trial on the merits or presiding at a jury trial.

30. As a direct and proximate result of the current made the base of the lawsuit plaintiff has incurred the following damages reasonable medical care and expensive in the past. These expenses were incurred by Plaintiff for necessary care and treatment of the injuries resulting from the accident complain of herein it says charges are reasonable and we're usual and customary charge for the service is in Harris County Texas.

31. Physical pain and suffering in the past by reason of the above plaintiff has suffered losses in damages that would fairly and reasonably compensate plaintiff for damages be properly determined by a jury after consideration of all of the evidence presented at trial.

Prayer

32. For these reasons, plaintiff asks that the Court issue citation for defendant to appear and answer and that plaintiff be awarded a judgment against defendant for the following:

a. Actual damages.
b. Exemplary damages.
c. Prejudgment and post-judgment interest.
d. Court costs.
e. All other relief to which plaintiff is entitled.

Respectfully submitted,

**THE LEWIS LAW GROUP, PLLC.**

By: _U.A. Lewis_

**U. A. Lewis**
State Bar No. 24076511
Federal Bar No. 1645666
P. O. Box 27353
Houston, TX 77227
Telephone: (713)570-6555
Facsimile: (713) 581-1017

ATTORNEY FOR THE PLAINTIFF

I certify that on November 23, 2016, a copy of Plaintiff's Certificate of Interested Parties was served as follows:

    Via CM/ECF System
    RONALD C. LEWIS
    City Attorney
    DONALD J. FLEMING
    Chief, Labor Employment an Civil Rights
    SUSANA G. SOSA
    Assistant City Attorney
    ATTORNEYS FOR DEFENDANTS CITY OF HOUSTON,
    J.E. OBENHAUS AND J.C. MABASA